UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARK ROTELLA, ET AL.,                )
                                     )
        Plaintiffs,                  )
                                     )       CIVIL ACTION NO.
VS.                                  )
                                     )       3:08-CV-0486-G
MID-CONTINENT CASUALTY               )
COMPANY,                             )              **ECF**
                                     )
        Defendant.                   )

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the plaintiffs, Mark Rotella, Mark Rotella Custom Homes, Inc. d/b/a Benchmark Custom Homes, Inc. (collectively, "the plaintiffs"), for summary judgment against the defendant, Mid-Continent Casualty Company ("Mid-Continent" or "the defendant"), pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is granted in part and denied in part.

I. BACKGROUND

The plaintiffs seek summary judgment regarding coverage under a Commercial General Liability ("CGL") insurance policy as it relates to its homebuilding

operations. Specifically, the plaintiffs seek defense and indemnification from their insurer, Mid-Continent, for a suit brought by homeowner Joan Cutting ("Cutting") in the 158th Judicial District Court of Denton County, Texas ("the underlying action"). *See* Original Petition at 2, *attached to* Mid-Continent's Notice of Removal ("Original Petition"). The underlying action involved multiple claims, including breach of warranty, negligence, and breach of contract resulting from alleged construction and design defects in a home the plaintiffs built for Cutting. *See* Cutting Plaintiff's Second Amended Petition ("Cutting Petition") ¶¶ 18-51, *attached to* Reply to Defendant's Response to the Summary Judgment and Brief in Support ("Plaintiffs' Reply") *as* Exhibit 3. Cutting entered into a construction contract with Rotella on or about November 7, 2001. *Id.* ¶ 9. Cutting alleged numerous structural defects in the home. *Id.* ¶¶ 14, 17. The court is unable to determine from the record and the underlying pleadings when, specifically, the actual construction of Cutting's home took place. However, in a prior suit for declaratory judgment, the plaintiffs alleged that the "occurrences" relating to the underlying suit took place "during the time period from August 7, 2002 until August 7, 2003." *See* Plaintiffs' Original Complaint for Declaratory Judgment ¶ 6, *attached to* Appendix to Plaintiffs' Reply *as* Exhibit 4.[1]

---

[1] The prior declaratory judgment action, No. 3:05-CV-2173-M, was dismissed by motion of the plaintiffs (Docket Entry #8) on February 24, 2006, without prejudice to the right of re-filing.

On February 14, 2007, the state district court granted summary judgment to Cutting "on all the causes of action asserted." Order Granting Plaintiff Joan Cutting's Second Motion for Summary Judgment ("Cutting Summary Judgment") at 1, *attached to* Plaintiffs' Reply *as* Exhibit 6. The state district court did not specify the basis for the summary judgment, though it was presumably based on the defects found in the home.[2]

At the time of the alleged faulty construction, the plaintiffs carried a CGL policy from Mid-Continent.[3] Under the terms of the policy, Mid-Continent was obligated to defend and indemnify the plaintiffs for liability related to "bodily injury" and "property damage" as the result of an "occurrence," as well as to "defend the insured against any 'suit' seeking those damages" and to indemnify. *See* Plaintiffs' Motion for Summary Judgment and Memorandum Brief in Support ("Plaintiffs'

---

[2] More specifically, based on the allegations in Cutting's pleadings, the defects in the home included a major structural defect existing in the wall in the den causing deflections in the flooring, and damages resulting from the negligence of the plaintiffs and their subcontractors in construction. Cutting Petition ¶ 32.

[3] The court notes that correspondence between the parties prior to this suit indicates that the policy in question may have been cancelled on October 23, 2002. *See* Letter dated August 12, 2005 at 2, *attached to* Appendix to Plaintiffs' Motion for Summary Judgment *as* Exhibit L. However, this point was not addressed by Mid-Continent in its response. Under Texas law, the insured has the burden of showing that the claimed damages occurred during the policy period. *Employers Casualty Company v. Block*, 744 S.W.2d 940, 944 (1988), overruled on other grounds by *State Farm Fire & Casualty Company v. Gandy*, 925 S.W.2d 696 (Tex. 1996). The plaintiffs claim that they were insured at the time and that they had paid their premiums, and the court concludes that the plaintiffs have met their burden.

MSJ") at 3-4; Mid-Continent Casualty Company Insurance Policy, *attached to* Appendix to Plaintiffs' Motion for Summary Judgment *as* Exhibit A. The plaintiffs ask this court to declare that Mid-Continent is obligated to defend and indemnify them for any liability which arose out of the underlying action. Plaintiffs' MSJ at 1-2.

Initially, Mid-Continent refused to defend and indemnify the plaintiffs, arguing that the underlying suit did not involve an "occurrence" covered by the policy, and/or that it was excused from providing coverage by one or more of the policy exclusions. *See* Letter dated July 1, 2005, *attached to* Appendix to Plaintiffs' Motion for Summary Judgment *as* Exhibit G; Letter dated August 12, 2005, *attached to* Appendix to Plaintiffs' Motion for Summary Judgment *as* Exhibit L; Mid-Continent's Original Answer ¶ 25, *attached to* Rotella Reply *as* Exhibit 5. In response to the plaintiffs' motion for summary judgment, however, Mid-Continent now argues that the plaintiffs have presented insufficient evidence to establish a duty to defend or a duty to indemnify in the underlying lawsuit. *See generally* Mid-Continent's Brief in Support of its Response to Plaintiffs' Motion for Summary Judgment ("Defendant's Response"). Alternatively, Mid-Continent asserts that the plaintiffs' motion is premature under Rule 56(f). *Id*.

## II. ANALYSIS

### A. Rule 56 Standard

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving parties are entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).[4] "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movants make such a showing by informing the court of the basis of their motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, depositions, admissions, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. FED. R. CIV. P. 56(c).

Once the movants make this showing, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323-24. To carry this burden, the "opponent must do more than simply show . . . some metaphysical doubt

---

[4] The disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir.1986).

as to the material facts." *Matsushita Electric Industrial Company, Ltd. v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986). Instead, the nonmovant must show that the evidence is sufficient to support a resolution of the factual issue in its favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corporation*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 506 U.S. 825 (1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

B.  Plaintiffs' Motion for Summary Judgment

i.  *Duty to Defend*

Texas follows the "eight-corners" rule of insurance contract interpretation. See, *e.g.*, *GuideOne Elite Insurance Company v. Fielder Road Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006). This rule limits review to the four corners of the insurance policy and the four corners of the plaintiff's petition in the underlying suit when determining the existence of a duty to defend. *National Union Fire Insurance Company*

*of Pittsburgh, Pa. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997); *King v. Dallas Fire Insurance Company*, 85 S.W.3d 185, 187 (Tex. 2002). If the pleadings allege facts stating a cause of action potentially falling within the insurance policy's scope of coverage, the insurer has a duty to defend. *Liberty Mutual Insurance Company v. Graham*, 473 F.3d 596, 600 (5th Cir. 2006). The duty is determined without regard to the truth or falsity of the allegations. *Graham*, 473 F.3d at 599; *Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139 at 141. Doubtful cases will be resolved in favor of the insured. *Merchants Fast Motor Lines, Inc.*, 939 S.W.2d at 141. The insured party bears the initial burden of showing that there is coverage, while the insurer bears the burden of showing that any exclusion in the policy applies. *Lincoln General Insurance Company v. Reyna*, 401 F.3d 347, 350 (5th Cir. 2005).

In the underlying action, Cutting alleged injury as a result of "defective workmanship and design contained within the Property." Cutting Petition ¶ 17. The CGL issued to Rotella by Mid-Continent provides coverage for "property damage" caused by an "occurrence." *See* Mid-Continent Casualty Company Insurance Policy, *attached to* Appendix to Plaintiffs' Motion for Summary Judgment *as* Exhibit A. "Property damage" is defined by the policy as "[p]hysical injury to tangible property, including all resulting loss of use of that property." *Id.* An "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.*

Mid-Continent previously refused to defend Rotella against the claims in the underlying suit, arguing they did "not constitute an 'occurrence' resulting in 'property damage' or 'bodily injury' as defined by the policy [or] are otherwise excluded by policy exclusions." Letter dated August 12, 2005 at 6, *attached to* Appendix to Plaintiffs' Motion for Summary Judgment *as* Exhibit L. This argument was based on the assertion that the CGL policy did not cover damage to Rotella's "work or product, [meaning] the home," nor "faulty workmanship." *Id*. at 5.

The Texas Supreme Court has explicitly rejected these same arguments (from the same defendant), concluding that "'claims for damage caused by an insured's defective performance or faulty workmanship' may constitute an 'occurrence' when 'property damage' results from the 'unexpected, unforseen or undesigned happening or consequence' of the insured's negligent behavior.'" *Lamar Homes, Inc. v. Mid-Continent Casualty Company*, 242 S.W.3d 1, 16 (Tex. 2007) (quoting *Federated Mutual Insurance Company v. Grapevine Excavation, Inc.*, 197 F.3d 720, 725 (5th Cir. 1999)).

In *Lamar Homes*, a homeowner alleged that Lamar was negligent and failed to design and/or construct the foundation of their residence in a good and workmanlike fashion in accordance with the implied and express warranties. *Id.* at 5. Lamar filed suit seeking a declaration that its CGL policy from Mid-Continent covered the claims, thereby obligating Mid-Continent to defend and indemnify the insured. *Id.* The

Texas Supreme Court answered in the affirmative to the following certified questions submitted by the Fifth Circuit Court of Appeals:

> 1. When a homebuyer sues his general contractor for construction defects and alleges only damage to or loss of use of the home itself, do such allegations allege an "accident" or "occurrence" sufficient to trigger the duty to defend or indemnify under a CGL policy?
>
> 2. When a homebuyer sues his general contractor for construction defects and alleges only damages to or loss of use of the home itself, do such allegations allege "property damage" sufficient to trigger the duty to defend or indemnify under a CGL policy?

*Id.*; see also *Lamar Homes, Inc. v. Mid Continent Casualty Company*, 501 F.3d 435 (5th Cir. 2007). The CGL policy language at issue was identical to that in the case at bar, both using standard language found in numerous CGL policies. See *Lamar Homes, Inc.*, 242 S.W.3d at 5. "Property damage," as defined by the policies in both *Lamar* and the case at bar, includes damage to or loss of use of the home itself. *Id.* at 4. Additionally, the homeowners' allegations in *Lamar* and the underlying suit mirror one another, both alleging that the builder's defective workmanship caused physical damage to parts of the home. *Id.* at 5; Cutting Petition ¶¶ 17, 32.

In light of the eight-corner rule, and considering the Texas Supreme Court's ruling in *Lamar* that unintended construction defects may constitute an "accident" or "occurrence" under the CGL policy, the court finds that the pleadings in the

underlying action allege facts stating a cause of action potentially falling within the scope of coverage sufficient to trigger Mid-Continent's duty to defend. Additionally, the court concludes that Mid-Continent has failed to present evidence suggesting that any exclusion in the policy applies. Therefore, the plaintiffs' motion for summary judgment is hereby granted on the issue of Mid-Continent's duty to defend.

ii. *Duty to Indemnify*

The duty to indemnify is separate from and narrower than the duty to defend. See *Lincoln General Insurance Company v. Aisha's Learning Center*, 468 F.3d 857, 858 (5th Cir. 2006). Liability is not based solely on the pleadings, but upon the actual facts that underlie the cause of action and result in liability. *Trinity Universal Insurance Company v. Cowan*, 945 S.W.2d 819, 821 (Tex. 1997); see also *Heyden Newport Chemical Corporation v. Southern General Insurance Company*, 387 S.W.2d 22, 25 (Tex. 1965). Thus, "the duty to indemnify only arises after an insured has been adjudicated, whether by judgment or settlement, to be legally responsible for damages in a lawsuit." *Collier v. Allstate County Mutual Insurance Company*, 64 S.W.3d 54, 62 (Tex. App.--Fort Worth 2001, no pet.); see also *Block*, 744 S.W.2d at 944. To illustrate the difference, the Texas Supreme Court in *Lamar* found only a duty to defend; it could not reach a decision as to the duty to indemnify since the underlying suit had not yet been tried. *Lamar*, 242 S.W.3d at 5.

However, unlike *Lamar*, in the case at bar the underlying action has been adjudicated; the state district court granted Cutting's motion for summary judgment, resulting in the imposition of liability on the plaintiffs. *See* Cutting Summary Judgment. The plaintiffs became legally responsible for the damages resulting from the breach of its implied warranties of good and workmanlike construction and physical damage to parts of the home -- "occurrences" covered by the CGL policy.

Although the plaintiffs' liability has been established, at this point the court is unable to determine the extent, if any, of the defendant's duty to indemnify the plaintiffs for the judgment in the underlying action. The order granting summary judgment for Cutting does not specify the basis of the judgment, nor is there anything in record that clearly establishes Mid-Continent's duty to indemnify the plaintiffs. See *Archon Investments, Inc. v. Great American Lloyds Insurance Company*, 174 S.W.3d 334, 343 (Tex. App.--Houston [1st Dist.] 2005, petn. den'd) (declining to address the issue of indemnity until the cause of the loss could be developed at trial). It may very well be that the defendant has a duty to indemnify the plaintiffs, but this depends on the basis of the underlying judgment. Therefore, the plaintiffs' motion for summary judgment is denied on the issue of whether Mid-Continent has a duty to indemnify.

C. Ripeness of Motion

Mid-Continent complains that the plaintiffs' motion for summary judgment is premature. *See* Defendant's Response at 8-9. The trial court is given wide discretion to determine the timing of a motion for summary judgment. *Elvis Presley Enterprises, Inc. v. Elvisly Yours, Inc.*, 936 F.2d 889, 893 (6th Cir. 1991); *Fontenot*, 780 F.2d at 1193-94. Although a party may not be "railroaded" by a premature motion for summary judgment, see *Celotex*, 477 U.S. at 322, 326, so long as the trial court affords the parties adequate notice and adequate opportunity to develop their evidence, the court need not permit any discovery before ruling on summary judgment. *United States v. Bloom*, 112 F.3d 200, 205 n.17 (5th Cir. 1997); *Washington v. Allstate Insurance Company*, 901 F.2d 1281, 1285 (5th Cir. 1990).

Mid-Continent claims that the plaintiffs' motion for summary judgment is premature because the parties have not been given adequate time for discovery. Response at 8-9. The plaintiffs originally brought their claims in state court on August 7, 2007. *See* Notice of Removal at 1. Mid-Continent has been in possession of the complaint in the underlying action since May 24, 2005, when Rotella first requested a defense. *See* Letter dated May 27, 2005 *attached to* Appendix to Plaintiffs' Motion for Summary Judgment *as* Exhibit B. Under the "eight-corners" rule, the insured need only provide the complaint against it and the policy in question to trigger the duty to defend. See *Liberty Mutual Insurance Company*, 473 F.3d at 599;

*King*, 85 S.W.3d at 187. Despite its claims, Mid-Continent has had ample time "to evaluate any allegations made against Rotella against the language of its insurance policy." Response at 9. No further discovery is required to give the defendant adequate notice of the claims involved for summary judgment regarding Mid-Continent's duty to defend in this case.

Regarding the duty to indemnify, however, the court finds that discovery on this issue is necessary. Proof of the underlying action and summary judgment finding the plaintiffs liable has been filed with the court. *See* Appendix to Plaintiffs' Reply. However, without a better understanding of the underlying suit, the court is unable to determine the extent, if any, of Mid-Continent's duty to indemnify.

### III. CONCLUSION

For the reasons stated above, the plaintiffs' motion for summary judgment against the defendant under Rule 56 of the Federal Rules of Civil Procedure is hereby **GRANTED** in part and **DENIED** in part.

**SO ORDERED**.

July 10, 2008.

*[signature: A. Joe Fish]*
**A. JOE FISH**
**Senior United States District Judge**