UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK ROTELLA, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:08-CV-0486-G |
| MID-CONTINENT CASUALTY | ) | |
| COMPANY, | ) | **ECF** |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the defendant, Mid-Continent Casualty Company ("Mid-Continent" or "the defendant"), for leave to join Joan Cutting ("Cutting") as a third party defendant. For the reasons discussed below, the motion is granted.

II. BACKGROUND

The plaintiffs, Mark Rotella and Mark Rotella Custom Homes, Inc. d/b/a Benchmark Custom Homes (collectively, "the plaintiffs" or "Rotella"), build custom homes. Response to Mid-Continent's Motion for Leave to Join Joan Cutting as a

Third Party Defendant and Supporting Brief ("Response") at 1.  The plaintiffs built one such home for Cutting.  *Id.*  Cutting later sued the plaintiffs for alleged construction defects.  *Id.*  The plaintiffs had purchased a Commercial General Liability insurance policy from Mid-Continent.  *Id.*  Rotella believed that this policy required Mid-Continent to provide the defense in Cutting's suit and requested that Mid-Continent do so.  *Id.* at 1-2.  Mid-Continent refused.  *Id.* at 2.  When Cutting obtained a $3.8 million judgment against Rotella, Mid-Continent refused to indemnify the plaintiffs for that amount.  Mid-Continent's Reply to Rotella's Response to Mid-Continent's Motion for Leave to Join Joan Cutting as a Third Party Defendant ("Reply") at 4.  Rotella then filed this suit seeking to establish that Mid-Continent had a duty to defend Rotella in Cutting's lawsuit and now has a duty to indemnify Rotella for the $3.8 million judgment.

On July 10, 2008, this court issued an order granting summary judgment for Rotella on the issue of Mid-Continent's duty to defend.  The court denied the motion for summary judgment, however, on the issue of Mid-Continent's duty to indemnify.  That issue is still pending before this court.  Now, Mid-Continent seeks to add Cutting as a third party defendant.  Mid-Continent's Brief in Support of its Motion for Leave to Join Joan Cutting as a Third Party Defendant ("Motion for Leave") at 1.  Mid-Continent argues that Cutting must be joined because she is a necessary party within the meaning of Federal Rule of Civil Procedure 19.  *Id.*

II.  ANALYSIS

A.  Rule 19 Standard

Rule 19 of the Federal Rules of Civil Procedure seeks to bring into a lawsuit all parties who ought to be present by requiring joinder.* *Pulitzer-Polster v. Pulitzer*, 784

---

\*  Rule 19 of the Federal Rules of Civil Procedure provides in pertinent part:

Rule 19.  Required Joinder of Parties

(a)  Persons Required to Be Joined if Feasible.

(1)  *Required Party*.  A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A)  in that person's absence, the court cannot accord complete relief among existing parties; or

(B)  that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i)  as a practical matter impair or impede the person's ability to protect the interest; or

(ii)  leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

See also *Shelton v. Exxon Corporation*, 843 F.2d 212, 216 (5th Cir. 1988); *Bank of America National Trust and Savings Association v. Hotel Rittenhouse Associates*, 844 F.2d 1050, 1053-54 (3rd Cir. 1988); 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER AND MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1604 (3d ed. 2001) ("There is no precise formula for determining whether a particular nonparty must be joined under Rule 19(a).  The decision has to be made in terms of the general policies of
(continued...)

F.2d 1305, 1308 (5th Cir. 1986). A court must determine whether the party is one who should be joined if feasible under Rule 19(a). A party is one "to be joined if feasible" if in her absence (1) complete relief cannot be accorded among those already parties, or (2) disposition of the action may, as a practical matter, impair or impede the ability of the absent party to protect her interests, or (3) those parties presently in the case will be subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations. *See* FED. R. CIV. P. 19(a); *Pulitzer-Polster*, 784 F.2d at 1308-09. The movant bears the burden of proving that joinder is necessary. *Boundy v. Dolenz*, 2002 WL 1160075 at *5 (N.D. Tex. May 30, 2002). The nature of Rule 19 requires that courts make "highly practical, fact-based decision[s]." *Pulitzer-Polster*, 784 F.2d at 1309.

### B. Cutting is a Necessary Party Within the Meaning of Rule 19

Cutting is a necessary party to this suit within the meaning of Rule 19. The only issue in the instant case is whether the plaintiffs' policy with Mid-Continent requires Mid-Continent to indemnify them for Cutting's $3.8 million judgment against them. As a practical matter, it is in Cutting's interest if the court finds Mid-Continent must indemnify Rotella for the $3.8 million. In fact, in a nearly identical situation, the court considered that it would be "nonsensical" to suggest someone in

---

*(...continued)
avoiding multiple litigation, providing the parties with complete and effective relief in a single action, and protecting the absent persons from the possible prejudicial effect of deciding the case without them.").

Cutting's position had no interest in whether the insurance company was held liable or not. *Ranger Insurance Company v. United Housing of New Mexico, Inc.*, 488 F.2d 682, 683 (5th Cir. 1973). In *Ranger Insurance*, an insurance company brought a declaratory judgment action, seeking to establish that it would not be liable to its clients ("the insureds") for a certain type of claim. *Id.* at 682. The district court dismissed the suit because parties it deemed indispensable under Rule 19 were not joined. *Id.* at 683-84. Those indispensable parties were third parties seeking damages against the insureds. *Id*. at 683. The Fifth Circuit agreed with the lower court that it would be "'nonsensical to suggest that a declaration, in this Court, of liability or non-liability will have no practical effect upon the [claimants],' given the possibility (now an actuality), of their obtaining a judgment against the insureds." *Id.* (quoting the district court opinion). The court noted that, for one thing, the third parties would have to "contend with the *stare decisis* effect of such a judgment." *Id.*

Here, Cutting will likely face not only the *stare decisis* effect of the judgment in this case, but the defense of *res judicata*, specifically, collateral estoppel, as well. If she later sues Mid-Continent for the $3.8 million judgment, Mid-Continent can likely use this defense against her. Collateral estoppel applies when (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action, (2) those facts were essential to the judgment in the first action, and (3) the parties were in an adversarial posture in the first action. See *Texas Department of Public Safety*

*v. Petta*, 44 S.W.3d 575, 579 (Tex. 2001). The third prong is satisfied so long as the party against whom collateral estoppel is asserted was in privity with a party in the first action. *Sysco Food Services, Inc. v. Trapnell*, 890 S.W.2d 796, 801-02 (Tex. 1994). Generally, "[p]rivity exists if the parties share an identity of interests in the basic legal right that [was] the subject of the [first] litigation." *Espeche v. Ritzell*, 123 S.W.3d 657, 667 (Tex. App.--Houston [14th Dist] 2003, pet. denied).

Here, Cutting's interest in this case is to insure that Mid-Continent will pay the $3.8 million. Rotella's interest is the same: to force Mid-Continent to pay the $3.8 million judgment. Thus, Rotella and Cutting "share an identity of interests" and are in privity. *Id.* The other requirements of collateral estoppel are likely met as well. If Cutting later seeks to force Mid-Continent to pay the $3.8 million judgment, it will litigate the exact issue currently before this court. Thus, in any subsequent case between Cutting and Mid-Continent regarding Mid-Continent's duty to indemnify Rotella, Mid-Continent could use the defense of collateral estoppel against Cutting. It would certainly impair or impede Cutting's ability to protect her $3.8 million judgment if she were not allowed to join in this case and not allowed to proceed in a subsequent case against Mid-Continent due to collateral estoppel.

Further, even if Mid-Continent were unable to effectively argue that collateral estoppel prevented re-litigation of Mid-Continent's duty to indemnify in a later suit by Cutting, the outcome of this suit will still be prejudicial to her. If Mid-Continent

prevails here, this case will constitute adverse precedent to Cutting's claims in any subsequent suit against Mid-Continent. See *Doty v. St. Mary Parish Land Company*, 598 F.2d 885, 887 (5th Cir. 1979) (holding a mineral lessee to be a necessary party to a suit trying title to land because, although the lessee would not later be barred by *res judicata*, any subsequent suit would be prejudiced by the outcome of the current case). Thus, under Rule 19, Cutting must be joined if feasible because she "claims an interest relating to the subject of the action and is so situated that disposing of the action in [her] absence may . . . as a practical matter impair or impede [her] ability to protect [her] interest." FED. R. CIV. P. 19(a)(1)(B)(i).

Rotella's only argument in response to Mid-Continent's motion is that Cutting is not allowed to bring suit directly against Mid-Continent. Response at 2. Rotella relies on *Allstate Insurance Company v. Watson*, 876 S.W.2d 145 (Tex. 1994), to support this contention. In *Watson*, the Court held that a third party to an insurance contract (someone in a position similar to Cutting's), did not have standing to sue an insurer for unfair insurance settlement practices. *Id.* at 150. Rotella interprets *Watson*'s holding to mean that third parties such as Cutting never have standing to directly sue the insurance company. *See* Response at 4-5. This interpretation is incorrect. Even *Watson* states that "a third party who has obtained a judgment against an insured is an intended third party beneficiary of the insurance contract and is entitled to enforce the contract." *Watson*, 876 S.W.2d at 150. *Watson* merely

holds that this rule does not extend to grant third party claimants -- like Cutting -- standing to enforce "extra-contractual obligations" requiring the insurance company not to engage in unfair settlement practices.  *Id.*

In fact, Texas law has specifically recognized the right of a third party to bring suit against an insurer once that third party has obtained a settlement or judgment against the insured.  A party injured by an insured is a third party beneficiary of a liability insurance policy.  *Great American Insurance Company v. Murray*, 437 S.W.2d 264, 265 (Tex. 1969).  That third party can enforce the policy against the insurer once she has a judgment or settlement legally obligating the insured to pay damages to her.  *Id.* ("[A] third party's right of action against the insurer does not arise until [s]he has secured such an agreement or a judgment against the insured.").  Cutting has already obtained a judgment against Rotella, the insured in this case.  Thus, under Texas law, she now has a right of action against Mid-Continent.  *Id.*  Rotella's contention otherwise is without merit.  Furthermore, Mid-Continent's insurance policy with Rotella explicitly states that any claimant may sue Mid-Continent "to recover on an agreed settlement or on a final judgment against an insured." Reply at 3.

In short, Rotella's only argument that Cutting should not be allowed to join in this case is based on a misinterpretation of Texas law.  Cutting has an interest in the outcome of this case, and her ability to protect that interest will be impaired or

impeded if she is not joined She is, therefore, a necessary party within the meaning of Rule 19.

### III. CONCLUSION

For the reasons discussed above, Mid-Continent's motion for leave to join Cutting as a third party defendant is **GRANTED**.

**SO ORDERED**.

December 17, 2008.

*[signature: A. Joe Fish]*
**A. JOE FISH**
**Senior United States District Judge**