UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARK ROTELLA, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:08-CV-0486-G |
| MID-CONTINENT CASUALTY ) | |
| COMPANY, ) | **ECF** |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant, Mid-Continent Casualty Company ("Mid-Continent" or "the defendant"), for leave to file its first amended answer. For the reasons discussed below, the motion is granted.

I. BACKGROUND

Mid-Continent seeks to amend its answer in order to more adequately respond to the assertions made by the plaintiffs, Mark Rotella and Mark Rotella Custom Homes, Inc. d/b/a Benchmark Custom Homes (collectively, "the plaintiffs" or "Rotella"). Mid-Continent's Brief in Support of its Motion for Leave to File First Amended Answer ("Motion for Leave") at 1. Since Mid-Continent filed its original

answer, the parties have conducted significant discovery, giving them a more fully developed understanding of the facts giving rise to this suit. *Id.* at 2. Mid-Continent seeks to amend its answer in order to respond with greater specificity to the original petition, and assert affirmative defenses which, it argues, "only became apparent to Mid-Continent during the discovery process." *Id.*

## II. ANALYSIS

Federal Rule of Civil Procedure 15(a) provides that "a party may amend [the party's] pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a); see also *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[L]eave to amend 'shall be freely given when justice so requires.'"). Whether a motion to amend should be granted is within the discretion of the district court. *Id.* at 182. When exercising its discretion, the court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc . . . ." *Overseas Inns S.A.P.A. v. United States*, 911 F.2d 1146, 1150-51 (5th Cir. 1990) (quoting *Foman*, 371 U.S. at 182). The Fifth Circuit, however, has stated that "'discretion' may be a misleading term, for rule 15(a) severely restricts the judge's freedom" to deny leave to amend. *Dussouy v. Gulf Coast Investment Corporation*, 660 F.2d 594, 597 (5th Cir. 1981). Rule 15(a)

"evinces a bias in favor of granting leave to amend." *Id.* Thus, "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id*. at 598.

This is Mid-Continent's first motion for leave to amend its answer. Mid-Continent has thus not repeatedly failed to cure deficiencies by previous amendments. More importantly, there is no suggestion that Mid-Continent has filed this motion in bad faith or for the purpose of undue delay. Rather, Mid-Continent seeks leave to amend its answer in order to form a more complete response to the allegations in the plaintiffs' original petition and assert affirmative defenses it now believes are applicable after going through the discovery process. The plaintiffs offer no reason, let alone a substantial reason, why Mid-Continent should not be allowed to amend its answer. The motion for leave to amend is therefore granted.

### III. CONCLUSION

For the reasons discussed above, the defendant's motion for leave to amend its answer is **GRANTED**.

**SO ORDERED**.

December 29, 2008.

*[signature: A. Joe Fish]*

**A. JOE FISH**
**Senior United States District Judge**