UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARK ROTELLA, ET AL.,            )
                                 )
       Plaintiffs,               )
                                 )        CIVIL ACTION NO.
VS.                              )
                                 )        3:08-CV-0486-G
MID-CONTINENT CASUALTY           )
COMPANY,                         )              **ECF**
                                 )
       Defendant.                )

# MEMORANDUM OPINION AND ORDER

Before the court is the motion of the third party defendant, Joan Cutting ("Cutting"), for a temporary restraining order and preliminary injunction. For the reasons discussed below, the motion is denied.

## I. BACKGROUND

The plaintiffs, Mark Rotella Custom Homes, Inc., d/b/a/ Benchmark Custom Homes, and Mark David Rotella, (collectively, "the plaintiffs" or "Rotella") build custom homes. Joan Cutting's Brief in Support of Application and Motion for Temporary Restraining Order and Preliminary Injunction against Mark Rotella, Mark

Rotella Custom Homes, Inc., Benchmark Custom Homes, and Mid-Continent Casualty Company ("Motion for TRO") at 2.  Rotella built one such home for Cutting.  *Id.*  Cutting was dissatisfied with Rotella's services and filed suit against the plaintiffs in state court.  *Id.*  In that underlying suit, she alleged that Rotella had engaged in fraudulent billing practices, that he had breached the parties' contract, and that her home contained numerous defects.  *Id.*  Cutting prevailed in that lawsuit and obtained a judgment against Rotella.  *Id.*  Rotella had purchased a commercial general liability ("CGL") policy from Mid-Continent.  *Id.* at 3.  Rotella believed this policy required Mid-Continent to both defend him in the underlying lawsuit and indemnify him for any unfavorable judgment Cutting might obtain.  *Id.*  Mid-Continent, however, disagreed, and refused to defend Rotella, and has to this day refused to indemnify Rotella for the amount of the judgment Cutting has obtained against him.  *Id.*  As a result, Rotella filed this suit against Mid-Continent seeking a determination that Mid-Continent had a duty to defend him and must now indemnify him.

The parties involved in this case participated in a mediation on April 28, 2009.  *Id.*  During that mediation, the plaintiffs and defendant were able to reach a partial settlement.  *Id.* at 3-4.  Mid-Continent and Rotella agreed that Mid-Continent would compensate Rotella for a certain amount, in satisfaction of Rotella's claim against Mid-Continent for the attorneys' fees incurred in defending the underlying suit.  Mid-Continent's Brief in Support of its Response to Joan Cutting's Application and

Motion for Temporary Restraining Order and Preliminary Injunction against Mark Rotella, Mark Rotella Custom Homes, Inc. d/b/a/ Benchmark Custom Homes and Mid-Continent Casualty Company ("Mid-Continent's Response") at 3.  Cutting believes she is entitled to this settlement money to help satisfy the judgment against Rotella awarded to her by the state court.  Motion for TRO at 4.  She fears, however, that if Rotella receives these funds, he will never make them available to her and thus she will never recover them.  *Id.*  She has therefore filed this motion asking that the court restrain Mid-Continent from paying the settlement funds to Rotella, and instead require that the money go directly to her.  *Id.*  In the alternative, Cutting asks that the funds be paid into the court registry until the court decides true ownership of the funds.  *Id.*

## II.  ANALYSIS

### A.  Legal Standard for a Temporary Restraining Order

To obtain a temporary restraining order or preliminary injunction, a plaintiff must show the following:  (1) there is a substantial likelihood of success on the merits; (2) there is a substantial threat that the plaintiff will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) granting the injunction will not disserve the public interest.  *Sugar Busters LLC v. Brennan*, 177 F.3d 258, 265 (5th Cir. 1999).  The decision to grant or deny injunctive relief is left to the sound

discretion of the district court. *Mississippi Power & Light Company v. United Gas Pipe Line Company*, 760 F.2d 618, 621 (5th Cir. 1985). Such relief is an extraordinary remedy which should only be granted if the movant has clearly carried its burden of persuasion on each of the four factors. *Id.*; *Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (citations omitted).

B. The Second Element: Irreparable Injury to the Movant

The court will first address the second element: whether Cutting can establish that she will suffer an irreparable injury if the court denies her motion. Cutting contends that she will suffer an irreparable injury if Rotella receives the settlement money from Mid-Continent because "Rotella cannot be entrusted to disburse money he receives from [Mid-Continent] to the rightful creditors." Motion for TRO at 7. Cutting points to statements Rotella has made suggesting that he does not believe Cutting is entitled to any money and does not intend to pay her. *Id.* In short, Cutting believes she is entitled to the settlement amount, and fears that if Rotella takes possession of it, she will never receive it. *Id.*

Under Fifth Circuit law, however, an irreparable injury is one that cannot be remedied by an award of economic damages. *Deerfield Medical Center v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981). "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other

corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Morgan v. Fletcher*, 518 F.2d 236, 240 (5th Cir. 1975) (internal citations and quotations omitted).  Although a finding of irreparable injury may be appropriate if the dollar value of any loss is especially speculative, *Allied Marketing Group*, 878 F.2d at 810 n.1, that is not the case here.  The dollar amount Cutting is entitled to as a judgment creditor is set in stone.  Although the court's denial of this TRO may force Cutting to wait and spend more time and energy in order to satisfy her judgment, the Fifth Circuit has held that such inconveniences do not constitute irreparable harm.  *Morgan*, 518 F.2d at 240.

In short, even if, as Cutting fears, Rotella whisks the settlement money away so that she cannot reach it, the harm to her will be purely pecuniary.  Her status as a judgment creditor will not change and she will be free to pursue other, less extraordinary, paths to satisfy that judgment.  In fact, Cutting appears to have already identified one such possible path: the Texas Turnover Statute.  Cutting argues that she has a substantial likelihood of success on the merits because the Texas Turnover Statute, § 31.002 of the Texas Civil Practice and Remedies Code, entitles her to the settlement amount.  This provision entitles a judgment creditor to an injunction or other means of obtaining property in order to satisfy a judgment "if the judgment debtor owns property . . . that cannot readily be attached or levied on by ordinary legal process; and is not exempt from attachment, execution, or seizure for

the satisfaction of liabilities." TEX. CIV. PRAC. & REM. CODE §31.002(a). Cutting may well be able to successfully seek relief under this statute -- although the court need not decide that question here. Even so, a showing that she could satisfy the elements of the Texas Turnover Statute does not entitle her to a temporary restraining order. Under Fifth Circuit law, this court cannot issue a temporary restraining order where only pecuniary harm will result from the court's denial of relief.

### III.  CONCLUSION

For the reasons discussed above, Cutting's motion for a temporary restraining order and preliminary injunction against the plaintiffs is **DENIED**.

**SO ORDERED**.

May 8, 2009.

*[signature]*
**A. JOE FISH**
**Senior United States District Judge**