UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK ROTELLA, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:08-CV-0486-G |
| MID-CONTINENT CASUALTY | ) | |
| COMPANY, | ) | **ECF** |
| | ) | |
| Defendant. | | |

### MEMORANDUM OPINION AND ORDER

Before the court are (1) the third motion for summary judgment of the plaintiffs Mark Rotella and Mark Rotella Custom Homes, Inc. d/b/a Benchmark Custom Homes ("Rotella" or "the plaintiffs") (docket entry 115) and (2) the second motion for summary judgment of the defendant Mid-Continent Casualty Company ("Mid-Continent" or "the defendant") (docket entry 119).  For the reasons discussed below, the plaintiffs' motion is denied, and the defendant's motion is granted.

# I.  BACKGROUND

## A.  Factual Background

This is a dispute between an insurer and an insured over the scope of the insurer's duties to the insured under a commercial general liability ("CGL") policy.[1] Previous opinions of the court detail the facts of this case; only a summary is provided here.  Rotella is in the business of building custom homes.  Memorandum Opinion and Order of June 10, 2009 (docket entry 100) ("June 2009 Order") at 1. He built one for Joan Cutting ("Cutting").  *Id.* at 2.  Cutting was dissatisfied with her home and with Rotella's services, so she sued him in the 158th Judicial District Court of Denton County, Texas.  *Id.*; *see also* Memorandum Opinion and Order of July 10, 2008 (docket entry 19) ("July 2008 Order") at 2.  Cutting's action against Rotella ("the underlying suit") alleged that Rotella had engaged in fraudulent billing practices, that he breached his contract with her, and that her home suffered from numerous construction defects.  June 2009 Order at 2.  Cutting prevailed in the underlying suit and obtained a judgment for $2,671,187.26 in actual and treble damages, $336,342.59 in attorneys' fees, and $191,189.95 in pre-judgment interest, post-judgment interest, and costs.  *See* Amended Order Granting Plaintiff Joan Cutting's Second Motion for Summary Judgment in *Cutting v. Rotella*, cause number

---

[1]     "In exchange for premiums paid, CGL insurers typically promise to defend and indemnify their insureds for covered risks."  *Zurich American Insurance Company v. Nokia, Inc.*, 268 S.W.3d 487, 490 (Tex. 2008).

2005-20115-158 ("Underlying Judgment") at 2-3, *located in* Appendix to Mid-Continent's Brief in Support of Its Motion for Partial Summary Judgment(docket entry 48) ("Defendant's First Appendix") at MID00002-MID00003.

The present action began as a dispute over whether the CGL policy that Rotella purchased from Mid-Continent obligated Mid-Continent to defend and indemnify Rotella in the underlying suit.  This action began in August 2007 when Rotella filed suit against Mid-Continent in state court in Dallas.  *See generally* Original Petition, *attached to* Mid-Continent Casualty Company's Notice of Removal ("Notice of Removal") (docket entry 1).  His original petition alleges five claims based on four causes of action.  The four causes of action are breach of contract, bad-faith insurance practices, deceptive trade practices, and negligent misrepresentation.  *See* Original petition at 2-5, *see also* Defendant Mid-Casualty Company's First Amended Answer (docket entry 35) at 3-4.  The breach-of-contract cause of action encompasses two claims: that Mid-Continent breached the CGL policy by failing to defend Rotella in the underlying suit ("the duty-to-defend claim"), and that Mid-Continent breached the CGL policy by failing to indemnify Rotella against the underlying judgment ("the duty-to-indemnify claim").  *See* July 2008 Order at 3-4.  Removal to this court was effected in March 2008.  *See* Notice of Removal at 4.

This action has been winnowed down from the five claims alleged in the original petition to the one claim that remains unresolved: Rotella's duty-to-

- 3 -

indemnify claim.  In July 2008, the court granted summary judgment in favor of Rotella on his duty-to-defend claim.  *See* July 2008 Order at 10-11.  In April 2009, Rotella and Mid-Continent entered into a settlement agreement regarding Mid-Continent's liability to Rotella on the duty-to-defend claim.  *See* Mid-Continent's Brief in Support of Second Motion for Summary Judgment (docket entry 120) ("Defendant's Motion Brief") at 2; *see generally* Release and Indemnity Agreement, *located in* Mid-Continent Casualty Company's Appendix to Brief in Support of Its Second Motion for Summary Judgment (docket entry 120) ("Defendant's Second Appendix") at MCMSJ00059-MCMSJ00066.  The settlement agreement provides that Mid-Continent will pay Rotella $200,000 and in exchange Rotella will release all claims "for or that arise out of attorney's or other legal fees, expenses or costs incurred in or arising out of the underlying lawsuit."  Release and Indemnity Agreement at 3, *located in* Defendant's Second Appendix at MCMSJ00061.  Four claims remained unresolved after the April 2009 settlement, and three (the claims for bad-faith insurance practices, deceptive trade practices, and negligent misrepresentation) were disposed of by the court's June 2009 order granting partial summary judgment in favor of Mid-Continent.  *See* June 2009 Order at 10-22.

Thus, only the duty-to-indemnify claim remains unresolved, and that only partially so.  The court's June 2009 order also concluded that Mid-Continent had no duty to indemnify Rotella against part of the underlying judgment.  The court

- 4 -

determined that the damages awarded against Rotella in the underlying suit could be divided into two parts: one part representing damages for fraud and over-billing, and the other part representing damages for construction-related defects. *Id.* at 5-7. Of the $2,671,187.26 of damages, the court concluded that $2,156,508.99 were damages for over-billing and fraud ("the fraud-related damages"), while $514,678.27 were damages for construction-related defects ("the construction-related damages"). *Id.* The court then granted summary judgment to Mid-Continent on its claim that it had no duty to indemnify Rotella for the fraud-related damages. *Id.* at 7-10. As a result, in the wake of the June 2009 order, all of the issues in this action had been resolved except one: "whether Mid-Continent must indemnify Rotella for $514,678.27 -- the amount of actual damages not arising out of Rotella's fraudulent conduct." *Id.* at 22.

That issue is now before the court. Mid-Continent denies that it now has or ever had any duty to indemnify Rotella for the construction-related damages. *See* Mid-Continent Casualty Company's Brief in Support of Its Response to Plaintiffs' Third Motion for Summary Judgment (docket entry 118) at 2, 10-17. Nonetheless, in June 2009 Mid-Continent entered into a settlement with Cutting ("the Cutting settlement agreement") in which it agreed to pay Cutting $190,000 and in exchange Cutting agreed to

> release[], forever discharge[], and forever hold[] harmless
> [Mid-Continent] from any and all manner of actions,

causes of action, suits, . . . judgments, . . . [and] claims . . .
for the following amounts . . ..

1.  The $514,678.27 in actual damages Cutting incurred as
a cost to repair the construction defects and/or property
damage; and

2.  The $90,000.00 in attorney's' fees allocable to
prosecuting the construction defect and/or property
damage claims; and

3.  $36,941.03 in pre-judgment interest and $90,516.07 in
post-judgment interest, as well as any costs and appellate
attorney's fees, relating to the construction defect and/or
property damage claims . . ..

Partial Release of Claims and Settlement Agreement Between Defendant Mid-

Continent Casualty Company and Third-Party Defendant Joan Cutting ("Cutting

Release") at 5-6, *located in* Defendant's Second Appendix at MSMSJ00005-

MCMSJ00006.

    Mid-Continent now moves for summary judgment on the ground that Rotella's

duty-to-indemnify claim has been resolved because the Cutting settlement agreement

is a valid release of all of Cutting's claims to the construction-related damages.  *See*

Defendant's Motion Brief at 5-10.  Rotella has moved for summary judgment on the

ground that the duty-to-indemnify clause in the CGL policy obligates Mid-Continent

to pay the construction-related damages directly to Rotella and that this obligation

remains unsatisfied.  *See* Plaintiffs' Third Motion for Summary Judgment and

Supporting Brief (docket entry 115) ("Plaintiffs' Motion") at 3-5, 9.  Rotella also

- 6 -

contends that various other issues remain unresolved and preclude summary judgment for Mid-Continent.  *See* Plaintiffs' Response to Defendant's Second Motion for Summary Judgment and Supporting Brief (docket entry 126) ("Plaintiffs' Response") at 2-9.

## B.  Procedural Background

Both parties have moved for summary judgment.  Summary judgment is proper when the pleadings, depositions, admissions, disclosure materials on file, and affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c)(2).[2] Material facts are those facts that the governing substantive law identifies as having the potential to affect the outcome of the suit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  There is a genuine issue as to a material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.* The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Electric Industrial Company v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986); see also *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) ("An issue is '*genuine*' if it is real

---

[2]	The disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive."  *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986) (footnote omitted).

and substantial, as opposed to merely formal, pretended, or a sham.") (emphasis in original).  The nonmoving party must show that the evidence is sufficient to support the resolution of a material factual issue in his favor.  *Anderson*, 477 U.S. at 249.  When ruling on a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party.  *Id.* at 255 (citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 158-59 (1970)).

## II.  ANALYSIS

### A.  Mid-Continent's Duty to Indemnify

The court concludes that Mid-Continent is entitled to judgment as a matter of law on Rotella's duty-to-indemnify claim.  When a duty-to-indemnify clause appears in a liability contract such as a CGL policy, "the insurer agrees to cover *liability* for damages.  If the insured is liable, the insurance company must pay the damages.  In the event a judgment is rendered against the insured, the insurer's liability to pay attaches at that time.  The obligation to pay continues until the judgment is satisfied."  *Home Owners Management Enterprises, Inc. v. Mid-Continent Casualty Company*, 294 Fed. Appx. 814, 817 (5th Cir. 2008) (per curiam) (footnotes and internal quotation marks omitted) (emphasis in original).[3]  One way that a judgment can be satisfied is by obtaining a valid release from the judgment creditor.  See *Rapp*

---

[3]     By contrast, if a similar clause were to appear in an indemnity contract, "'payment of a claim by the insured [would be] a condition precedent to the insured's right to recover under the indemnity contract.'"  *Id.* at 817 n.13 (quoting 7A COUCH ON INSURANCE § 103:4 (3d ed. 1997)

*v. Mandell & Wright, P.C.*, 123 S.W.3d 431, 434 (Tex. App.--Houston [14th Dist.] 2003, pet. denied) ("If a judgment creditor accepts money in complete satisfaction and release of his judgment, that judgment has no further force or authority."). A release is valid so long as it is a legally enforceable contract. *Vera v. North Star Dodge Sales Inc.*, 989 S.W.2d 13, 17 (Tex. App.--San Antonio 1998, no pet.). The satisfaction of a judgment through the execution of a valid release operates to extinguish the judgment for all purposes. *Reames v. Logue*, 712 S.W.2d 802, 805 (Tex. App.--Dallas 1986, writ ref'd n.r.e.).

Here, the court finds that Mid-Continent has performed any duty it might have had to indemnify Rotella for the construction-related damages (and associated attorney's fees, interest, and costs) in the underlying suit. Assuming -- without so holding[4] -- that Mid-Continent had a duty to indemnify Rotella for those damages, the court concludes that Mid-Continent satisfied that duty by obtaining a valid release of judgment from Cutting. Because the Cutting settlement agreement validly releases of all of Cutting's claims against Rotella for the construction-related damages, Rotella is no longer obligated to pay that portion of the underlying judgment. See *Rapp*, 123 S.W.3d at 434 ("A release of judgment is an express relinquishment by the judgment creditor of his rights in the judgment; it operates as a bar because the one

---

[4]      Because the court concludes that Mid-Continent satisfied any obligation it might have had to indemnify Rotella by executing the Cutting settlement agreement, the court does not reach the question of whether Mid-Continent in fact had any duty to indemnify Rotella for the construction-related damages.

who might otherwise have asserted the right has expressly surrendered it.").  The

duty-to-indemnify clause in the CGL policy that Mid-Continent issued to Rotella

only requires Mid-Continent to "pay those sums that [Rotella] becomes legally

obligated to pay as damages . . . to which this insurance applies."  *See* Commercial

General Liability Coverage Form at 1, *located in* Defendant's First Appendix at

MID00010.  Because there is no longer any sum that Rotella is legally obligated to

pay as damages to which his CGL policy applies, Mid-Continent does not have any

unperformed duty to indemnify him.[5]

Rotella argues that Mid-Continent's duty was to indemnify him, not Cutting,

and that Mid-Continent cannot perform that duty except by paying him the full

amount of the construction-related damages.  Plaintiffs' Motion at 3-5.  Rotella's

theory appears to be that if an insured owes a sum to a judgment creditor, an insurer

may not pay that sum directly to the judgment creditor, but instead must route

payment through the insured.  However, the Supreme Court of Texas has made it

clear that a loss that triggers an insurer's duty to indemnify under a CGL policy is the

---

[5]    The fact that Mid-Continent settled with Cutting instead of paying the
full amount of the construction-related damages does not change the analysis.  Cf.
*Reames*, 712 S.W.2d at 803-05 (holding that where a statute imposed liability on
insurance agents for the full amount of coverage due under an insurance policy when
the amount due was not paid by the insurer, an insured had no right to recover from
an insurance agent the difference between the amount she was due under her policy
and the lesser sum she accepted from her insurer as a compromise settlement in "full
and complete satisfaction and release" of the amount she was due under her policy)
(internal quotation marks omitted).

property of the party who suffered the loss, not the party insured by the policy.  See

*Evanston Insurance Company v. ATOFINA Petrochemicals, Inc.*, 256 S.W.3d 660, 674-75

(Tex 2008) ("A loss incurred [by an insured] in satisfaction of a settlement belongs to

the third party and is not suffered directly by the insured."); *Lamar Homes, Inc. v. Mid-*

*Continent Casualty Company*, 242 S.W.3d 1, 17 (Tex. 2007) (noting that "the loss

incurred in satisfaction of a judgment or settlement" does not belong to the insured

because the loss is "derivative of [the] loss suffered by a third party").  Texas law does

not confer on Rotella any entitlement to or interest in receiving payment from Mid-

Continent for losses suffered by Cutting.

Rotella relies on *Allstate Insurance Company v. Watson*, 876 S.W.2d 145 (Tex.

1994), *see* Plaintiffs' Motion at 5, but *Watson* undercuts his position.  *Watson* held

only that a third party does not have standing to bring extra-contractual claims

against an insurer.  *Id.* at 146.  After so holding, *Watson* reaffirmed that a third-party

judgment creditor of an insured does have standing to bring contractual claims

against an insurer.  See *id.* at 150 ("[A] third party who has obtained a judgment

against an insured is an intended third party beneficiary of the insurance contract and

is entitled to enforce the contract.").  Because Cutting is the ultimate beneficiary of

the duty-to-indemnify clause in the CGL policy Mid-Continent issued to Rotella,

Mid-Continent was free to perform its duty to indemnify Rotella by making payment directly to Cutting.[6]

Rotella also contends that Cutting's release of her claims to the construction-related damages is ineffective because the Cutting settlement agreement only releases Cutting's claims to those portions of the attorney's fees and interest awarded in the underlying judgment that Cutting and Mid-Continent believe are attributable to the construction-related damages. *See* Plaintiffs' Reply at 2-3; Plaintiffs' Response at 5. As best the court can tell, Rotella argues that he is at risk of incurring liability for additional amounts of fees and interest if the state court that issued the underlying judgment later determines that the amounts of fees and interest that are allocable to the construction-related damages are actually higher than the amounts recited in the Cutting settlement agreement. But this argument ignores the following language in the Cutting settlement agreement:

> Should the numbers stated above with regard to allocation of attorney's fees . . ., [or] any pre-judgment or post-judgment interest, be later determined incorrect, then Cutting and [Mid-Continent] will execute whatever

---

[6]    Rotella contends that under the doctrine of voluntary payment, Mid-Continent's settlement with Cutting is without any legal effect on Mid-Continent's obligation to pay Rotella the full amount of the construction-related damages. *See* Plaintiffs' Response at 5-6; Plaintiffs' Reply to Defendant's Response to Plaintiffs' Third Motion for Summary Judgment and Supporting Brief (docket entry 121) ("Plaintiffs' Reply") at 7-8. This argument presupposes that Rotella has some interest in receiving indemnification other than seeing Cutting's judgment against him satisfied, but as *ATOFINA*, *Lamar Homes*, and *Watson* illustrate, that presupposition is erroneous.

- 12 -

> additional documents are reasonably necessary to ensure
> that the releases of [Mid-Continent] and of the judgment
> in the [underlying suit] are altered to reflect the correct
> amounts without payment of additional consideration to
> Cutting.

Cutting Release at 8, *located in* Defendant's Second Appendix at MSMSJ00008.

No matter how the awards of attorney's fees and interest are eventually allocated between the construction-related damages and the fraud-related damages, the Cutting settlement agreement guarantees that Rotella will not have to pay any amount that is allocated to the construction-related damages. Therefore, the court concludes that Mid-Continent fully performed any duty it might have had to indemnify Rotella by executing the Cutting settlement agreement. As a result, Mid-Continent is entitled to judgment as a matter of law on Rotella's duty-to-indemnify claim.

## B.  Rotella's Requests for Reconsideration

Rotella's motion for summary judgment concludes with a request that "the Court re-evaluate its Memorandum Opinion and Order granting Mid-Continent's Motion for Partial Summary Judgment." Plaintiffs' Motion at 9-10; *see also* Plaintiffs' Reply at 4, 9; Plaintiffs' Response at 6. Properly framed, this is a motion not for summary judgment but for reconsideration. A request that the court reconsider an interlocutory order is governed by Rule 54(b). *See* FED. R. CIV. P. 54(b). "Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is

unclear, whether to grant such a motion rests within the discretion of the court." *Dos Santos v. Bell Helicopter Textron, Inc. District*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) (Means, J.).  Such a motion requires the court to determine "whether reconsideration is necessary under the relevant circumstances." *Judicial Watch v. Department of the Army*, 466 F. Supp. 2d 112, 123 (D.D.C. 2006) (citation and internal quotation marks omitted).  Even though the standard for evaluating a motion to reconsider under Rule 54(b) "would appear to be less exacting than that imposed by Rules 59 and 60 . . ., considerations similar to those under Rules 59 and 60 inform the Court's analysis." *Dos Santos*, 651 F. Supp. 2d at 553.  And it is clear under Rules 59 and 60 that "[m]otions for reconsideration have a narrow purpose and are only appropriate to allow a party to correct manifest errors of law or fact or to present newly discovery evidence. *Arrieta v. Yellow Transportation, Inc.*, 2009 WL 129731, at *1 (N.D. Tex. Jan. 20, 2009) (Fitzwater, C.J.) (citation and internal quotation marks omitted).

In this case, Rotella has elaborated on only one of his requests for reconsideration.  He argues that the court should reconsider its grant of summary judgment to Mid-Continent on his claim for bad-faith insurance practices.  Plaintiffs' Response at 6.  The court granted summary judgment on the ground that an insurer's refusal to defend its insured in a suit brought by a third party cannot constitute a breach of the insurer's common-law duty of good faith and fair dealing.  *See* June

- 14 -

2009 Order at 12.  Rotella moves for reconsideration on the ground that there is a statutory cause of action in Texas for an insurer's bad-faith failure to settle a third party's claim against the insured.  *See* Plaintiffs' Response at 6 (citing TEX. INS. CODE § 541.060(a)(2)(A)).

The court concludes that this motion for reconsideration should be denied for two reasons.  First, Rotella did not adequately raise this claim in his previous motion for summary judgment.  Rotella's brief in support of that motion does contain a long quotation from § 541.060 of the Insurance Code, but the only case discussed in the brief addresses common-law bad-faith claims.  *See* Plaintiffs' Second Motion for Summary Judgment and Supporting Brief Only as to Damages (docket entry 28) at 8-10.  Mid-Continent treated the claim as a common-law bad-faith claim, *see* Mid-Continent's Brief in Support of Its Response to Plaintiff's Second Motion for Summary Judgment (docket entry 30) at 18-22, and Rotella never disputed that treatment, *see* Plaintiffs' Reply to Defendant's Response to Plaintiffs' Second Motion for Summary Judgment and Supporting Brief (docket entry 33) at 1-6.  The court declines, in the exercise of its discretion, to reconsider a claim which it has not had an earlier opportunity to fully consider.  Cf. *Arrieta*, 2009 WL 129731, at *1 (emphasizing that a motion for reconsideration under Rule 59 is "not the proper

vehicle for . . . advancing theories of the case that could have been presented earlier.")
(citation and internal quotation marks omitted).[7]

Second, even if Rotella had properly raised his statutory bad-faith claim, Mid-Continent would have been entitled to summary judgment on that claim because Rotella has failed to raise a genuine issue of fact as to an essential element of his claim.  An insurer's failure to make a good-faith attempt at settlement is one element of a claim under § 541.060(a)(2)(A).  See *Gulf Insurance Company v. Jones*, 2003 WL 22208551, at *9 (N.D. Tex. Sept. 24, 2003) (Lindsay, J.) (reciting the four elements of a statutory bad-faith claim under Article 21.21 § 4(10)(a)(ii), the pre-recodification version of § 541.060(a)(2)(A)), *aff'd*, 143 Fed. Appx. 583 (5th Cir. 2005).  Rotella argues that "the Court should have granted [his] motion for summary judgment on § 541.060 claims based on Mid-Continent's refusal to settle with Cutting."  Plaintiffs' Response at 6.  But undisputed evidence shows that Mid-Continent has not just attempted to settle with Cutting, it has completed a settlement with Cutting and successfully obtained a release of all of her claims to the construction-related damages.  The undisputed fact of settlement would have caused

---

[7]     Rotella also argues that he has the right to assert against Mid-Continent claims for his own mental anguish, emotional distress, and punitive damages that arose out of Mid-Continent's breach of its common-law duty of good faith and fair dealing.  Plaintiffs' Response at 7 (citing *Universe Life Insurance Company v. Giles*, 950 S.W.2d 48, 54 (1997).  But the court has already held that Mid-Continent's handling of Cutting's third-party claim did not constitute a breach of that duty.  *See* June 2009 Order at 11-12.

Rotella's statutory bad-faith claim to fail as a matter of law.  Therefore, the court denies Rotella's motion for reconsideration of that claim.

The rest of Rotella's requests for reconsideration are conclusory statements in which he "urges the Court" to "revisit" or "reconsider" various aspects of its June 2009 order.  *See, e.g.,* Plaintiffs' Reply at 4.  Rotella has not identified any manifest errors of fact or law in that order, presented any newly discovered evidence, or made any attempt to argue that reconsideration is necessary under the circumstances. These requests for reconsideration are also denied.

### C.  Rotella's Remaining Arguments

Rotella advances four other arguments in response to Mid-Continent's motion for summary judgment.  The court concludes that none of them defeats Mid-Continent's entitlement to judgment as a matter of law.  First, Rotella contends that "there remains an outstanding issue as to attorney's fees on this action."  Plaintiffs' Motion at 1.  However, Rotella does not provide any additional explanation of this argument.  This unelaborated assertion is not enough to create a genuine issue of fact as to Rotella's entitlement to attorney's fees in this action.  See *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.) ("Mere conclusory allegations are not competent summary judgment evidence, and they are therefore insufficient to defeat or support a motion for summary judgment."), *cert. denied*, 506 U.S. 825 (1992).  And it is not incumbent upon the court to sift through the record in search of evidence that

supports this claim.  See *Pita Santos v. Evergreen Alliance Golf Limited*, 650 F. Supp. 2d

604, 611 n.1 (S.D. Tex. 2009) (collecting cases).[8]

Second, Rotella argues at length that "there is sufficient evidence in this case to

raise a question as to the appropriateness of the underlying judgment."  Plaintiffs'

Motion at 6, 5-9.  The significance of this contention is unclear, as Rotella has not

stated a demand for relief on this point.  But whatever relief he might be seeking, the

court cannot provide it.  If Rotella seeks an order overturning or staying the

enforcement of the underlying judgment, this court's lack of appellate jurisdiction

over state-court judgments bars it from entering such an order.  See generally *Exxon*

*Mobil Corporation v. Saudi Basic Industries Corporation*, 544 U.S. 280, 283-84 (2005)

(summarizing the *Rooker-Feldman* doctrine).  If he seeks damages against Cutting or

Mid-Continent based on their conduct or statements in the underlying suit, he has

failed to plead any facts or claims that might entitle him to such relief.

Third, Rotella argues that Mid-Continent is in breach of the agreement settling

his duty-to-defend claim.  *See* Plaintiffs' Response at 7-9.  However, Rotella and Mid-

Continent have already litigated the question of whether Mid-Continent breached the

---

[8]     In a similar vein, Rotella argues that the April 2009 settlement
agreement in which he and Mid-Continent settled his duty-to-defend claim only
covered damages for his attorney's fees in the underlying suit and does not bar
"causes of action that relate to the [other] damages incurred as a result of [Mid-
Continent's] refusal to defend."  Plaintiffs' Response at 2-3.  Once again Rotella
neither elaborates on the cause or amount of those damages nor designates any
evidence that substantiates his claim, and once again he has failed to raise a fact issue
on this question.

parties' settlement agreement by paying the $200,000 settlement into the registry of the 158th Judicial District Court of Denton County, Texas.  *See generally* Mid-Continent's Motion for Summary Judgment in *Cutting v. Mid-Continent Casualty Company*, cause number 2009-20163-158, *located in* Defendant's Second Appendix at MCMSJ00067-MCMSJ00097.  On November 4, 2009, the District Court of Denton County, Texas, granted summary judgment in favor of Mid-Continent on Rotella's claim that Mid-Continent had breached the settlement agreement.  *See* Order Granting Mid-Continent Casualty Company's Motion for Summary Judgment in *Cutting v. Mid-Continent Casualty Company*, cause number 2009-20163-158, at 1-2, *located in* Appendix to Defendant Mid-Continent Casualty Company's Supplement to Its Brief in Support of Its Second Motion for Summary Judgment (docket entry 129) at 00001-00002.  As a result, the doctrine of claim preclusion bars Rotella from forcing Mid-Continent to re-litigate that claim in this court.  See *Igal v. Brightstar Information Technology Group, Inc.*, 250 S.W.3d 78, 86 (Tex. 2008) (explaining that, under Texas law, res judicata bars "a second action based on the same claims as were raised or could have been raised" in a prior action between the same parties that a resulted in a valid final judgment on the merits).[9]

---

[9]     "When a federal court is asked to give res judicata effect to a state court judgment, the federal court must determine the preclusiveness of that state court judgment under the res judicata principles of the state from which the judgment originates." *Jones v. Sheehan, Young & Culp P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996).

Finally, Rotella argues that he has a viable claim for damages based on Mid-Continent's failure to defend him in the underlying suit because "the amounts of the judgment [in the underlying suit] would have differed drastically" had a Mid-Continent-furnished defense been in place.  Plaintiffs' Reply at 5.  But Rotella has offered no evidence in support of this claim.  It is well-settled that an unsubstantiated allegation such as this one is not enough to create a genuine issue of fact and defeat a moving party's entitlement to summary judgment.  See, *e.g.*, *Wallace v. Texas Tech University*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citing *Little v. Liquid Air Corporation*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

### III.  <u>CONCLUSION</u>

For the reasons discussed above, Rotella's third motion for summary judgment is **DENIED**, and Mid-Continent's second motion for summary judgment is **GRANTED**.

**SO ORDERED**.

April 5, 2010.

_____
**A. JOE FISH**
**Senior United States District Judge**